ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 —
 

 Vigorous complaint appears in appellant’s motion of what is deemed the illegal reception of appellant’s confession. If there was any question in the record of appellant’s guilt, from all the other evidence beside the confession, or if he had not been represented upon the trial by an attorney, or if the attention of the trial court, at the time the confession was introduced, had been called by any sort of an objection suggesting those matters urged on the motion for new trial, same might be more persuasive to this court; but on the facts it was shown that the property that came out of the alleged burglarized house was found in appellant’s possession, and part of it apparently on his person, shortly after the burglary, which alone would support the conclusion of guilt. An accomplice testified to appellant’s delivery into his possession of other of the property that came out of the burglarized house. Another witucss testified that on the night of the alleged burglary he conveyed ap
 
 *512
 
 pellant to the neighborhood of the premises burglarized. It further appears from the record that when appellant went before the grand jury and made the statements in regard to his guilt, no suggestion was made to the grand jurors of the fact that he was under arrest or in jail, nor does it appear that when this testimony was offered upon the trial of this case, it was called to the attention of the trial judge that he was in jail or under arrest.
 

 It is so well settled by the decisions of the courts, and with such apparent reason and justice, that one who is on trial may not sit by and permit procedure to take place, and thus take chances upon an acquittal under the facts before the court and in that manner of trial, and then come later, after he has been convicted, ■ and assert that he should have taken other legal steps, or should have made certain exceptions, or should have presented an objection. To hold otherwise than as we have universally held in regard to procedure of this kind, would necessarily be an exceedingly dangerous innovation and would open the door for interminable contention along these lines. It appears without dispute that this appellant had his day in court, — that he and his attorney sat there in the presence of the court and heard the grand jurors testify to the fact that he came before the grand jury apparently voluntarily and said he wanted to make a statement, and that he then admitted his guilt and said that he burglarized the house, and burglarized it by himself. The attention of the trial judge was not called in any way to the fact that at the time such statements were made he was under arrest. How could the court sustain an objection that was not made? How can the trial judge or this court consistently hold that one may indulge in such procedure and then for the first time in the motion for new trial set up the fact that he was under arrest at the time the alleged confession was made ?
 

 The motion for rehearing will be overruled.
 

 Overruled.